# EXHIBIT B

```
 1
                    IN THE UNITED STATES BANKRUPTCY COURT
 2
                     FOR THE SOUTHERN DISTRICT OF TEXAS
 3
                              HOUSTON DIVISION
 4
    IN RE:                         §      CASE NO. 18-31998-H6-7
 5                                 §      HOUSTON, TEXAS
    WILLIAM DEXTER LUCAS,          §      TUESDAY,
 6                                 §      JUNE 12, 2018
            DEBTOR.                §      9:25 A.M. TO 10:19 A.M.
 7

 8                       MOTION HEARING (AMENDED)

 9           BEFORE THE HONORABLE EDUARDO V. RODRIGUEZ
                    UNITED STATES BANKRUPTCY JUDGE
10

11
         APPEARANCES:                        SEE NEXT PAGE
12
         COURT RECORDER:                     KIMBERLY PICOTA
13

14

15

16

17

18

19

20
                       TRANSCRIPTION SERVICE BY:
21
               JUDICIAL TRANSCRIBERS OF TEXAS, LLC
22                    935 ELDRIDGE ROAD, #144
                      SUGAR LAND, TEXAS 77478
23          Tel: 281-277-5325 ▼ Fax: 281-277-0946
                    www.judicialtranscribers.com
24

25
         Proceedings recorded by electronic sound recording;
            transcript produced by transcription service.
```

JUDICIAL TRANSCRIBERS OF TEXAS, LLC

```
 1                          APPEARANCES:

 2

 3  FOR CARRINGTON MORTGAGE
       SERVICES:                    H. GRAY BURKS, IV, ESQ
 4                                  SHAPIRO SCHWARTZ, LLP
                                    13105 NORTHWEST FREEWAY
 5                                  SUITE 1200
                                    HOUSTON, TX  77040
 6                                  713-933-1509

 7
    FOR THE DEBTOR:                 WILLIAM DEXTER LUCAS, PRO SE
 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

|  |  |
|---|---|
| 1 | HOUSTON, TEXAS; TUESDAY, JUNE 12, 2018; 9:25 A.M. |
| 2 | THE COURT:  18-31998, Dexter Lucas William. |
| 3 | MR. BURKS:  Good morning, Judge Rodriguez.  My |
| 4 | name is Gray Burks, B-U-R-K-S -- |
| 5 | THE COURT:  Mr. Burks. |
| 6 | MR. BURKS:  -- for Carrington Mortgage Services. |
| 7 | THE COURT:  Good morning, sir. |
| 8 | MR. LUCAS:  Good morning, Your Honor.  My name is |
| 9 | William Dexter Lucas.  I am a *pro se* litigant and Debtor in |
| 10 | this matter. |
| 11 | THE COURT:  Good morning, sir. |
| 12 | MR. BURKS:  Your Honor, today we have two things. |
| 13 | And what I'm ultimately going with is I'd like you to recall |
| 14 | this case at the end of your Docket because I think we need |
| 15 | some time.  Because there are two things that I think we |
| 16 | need to get taken care of today. |
| 17 | The first thing is, of course, there was a Motion |
| 18 | for Relief from Stay that was filed.  There was a Debtor's |
| 19 | Response that was filed.  Probably the most important |
| 20 | clarifying document in that Motion for Relief from Stay |
| 21 | would be the supplement to the Motion filed at Docket |
| 22 | No. 34. |
| 23 | What you have here, Judge, is a case where the |
| 24 | Debtor had filed a lawsuit, pre-petition, seeking injunctive |
| 25 | relief and various causes of action.  The Debtor's schedules |

1  the property in this Schedule A, but he does not schedule --
2  he states that he does not owe the debt.  He is not his --
3  well, his significant other, a woman who he claims was his
4  wife, deceased -- when she died, payments on the note
5  stopped back in February of 2014.  The gentleman claims that
6  he owns the property, but is not liable for the debt that
7  the woman -- that the woman signed off on.  Mr. Dexter --
8              MR. LUCAS:  Lucas.
9              MR. BURKS:  Thank you, sir.
10             Mr. Lucas did not sign the note, did not sign the
11 Deed of Trust.  He resides in the house, he claims ownership
12 of the house.  No payments have been made since February of
13 2014.
14             The State Court lawsuit has been stayed by the
15 Petition by virtue of 362(a).
16             So we clarify that the relief we're seeking from
17 you today is to terminate the stay to go back to State
18 Court, resolve all the issues in State Court as to ownership
19 and viability, and then the gentleman will either have a
20 free house or will have liability and the house will be
21 foreclosed on.  That's the first motion.
22             The second motion is, Mr. Lucas filed a Complaint
23 and Notification of creditor's violation of the automatic
24 stay order.  This is at Docket No. 28.
25             I have Mr. Mario Cortez, an attorney in our

1  office, here, and I'd like to resolve that motion right now
2  if possible, Judge.
3              The allegation is, is that Mr. Cortez called
4  Mr. Lucas, a *pro se* Debtor, and violated the stay in doing
5  so.  And I don't think there's any doubt that Mr. Cortez
6  called Mr. Lucas.  And I don't think there's any doubt that
7  he called him pursuant to Local Rule 4001(a)(1) which
8  requires an attorney to:  One, confer, and two, determine
9  whether or not an agreement can be reached on the Motion for
10 Relief from Stay.
11             In compliance with the Local Rule, and in fact,
12 in compliance with the local court procedures of Your Honor
13 on page 14, Mr. Cortez had a duty to confer before he filed
14 the motion.  And that's exactly what happened.
15             We have Mr. Cortez here to answer any questions
16 that the Court may have, but obviously this is a motion that
17 we would like to be disposed of because as Mr. Lucas stated,
18 he is *pro se* and I don't think he's cognizant of the Local
19 Rules or the Court's local procedures.
20             MR. LUCAS:  Your Honor, this matter, with respect
21 to Mr. Burks, if they have an audio tape of the conversation
22 between Mr. Cortez and myself, I submit that they submit and
23 let the Court decide if my complaint is valid or not.
24             However, if no audio tape exists, I'm willing to
25 withdraw that Complaint.

1          The matter of their motion to withdraw from the
2  automatic stay is very simple one.  It's not a timely
3  matter.
4          First, I'm not suing these people in State Court.
5  I'm suing a whole other company in State Court that services
6  the mortgage on this home.  Additionally, they pled that I
7  wasn't married to the woman.  So they took my community
8  property rights out of it, but failed to ignore -- failed to
9  understand that I have an adverse possession issue with the
10 property.
11         It's a well -- the Federal Court system of the
12 Second Court this was *Nims versus* -- I can get you the
13 information if you need it, Your Honor, it's on my iPad --
14 to bring an action for a stay, you either have to be a
15 creditor or a Debtor.  Carrington Mortgage Services is
16 neither.  They procedurally messed up when they filed the
17 petition.  They can't bring the action.  It's that simple.
18         MR. BURKS:  Your Honor, I have a certified copy
19 of the Deed of Trust and Mr. Lucas also asked for a -- to
20 see an original copy.  I actually have the --
21         MR. LUCAS:  Sir, the argument is not whether you
22 have the Deed of Trust or not.
23         THE COURT:  Please --
24         MR. LUCAS:  The argument is --
25         THE COURT:  Please, Mr. --

1           MR. LUCAS:  -- are you the creditor.

2           THE COURT:  Mister -- Mr. Williams please do not
3    interrupt.

4           MR. LUCAS:  I apologize, sir.

5           THE COURT:  Do not interrupt.

6           MR. BURKS:  And I have the original collateral
7    loan file that I can show of the Court.

8           But the question is not whether or not -- the
9    question is -- the question's whether or not the stay lifts
10   to proceed in State Court and determine the issues that
11   Mr. Lucas is raising.  The question of whether or not he can
12   claim ownership of the property separate and apart from the
13   Deed of Trust.  I mean, we have the original Deed of Trust,
14   Judge.

15          THE COURT:  All right.  So what I'm hearing is we
16   need some time here to argue this matter.

17          How much time do you-all need?

18          MR. BURKS:  Based on -- if we're arguing the
19   motion, I believe we need an hour.  If we're arguing the
20   Complaint and Notification of violation in the stay, I think
21   we need another 15 minutes of that, Judge.

22          THE COURT:  Well, that's not on my Docket for
23   today.

24          MR. BURKS:  Yes, Your Honor.

25          THE COURT:  So all we have on the Docket for

Case 18-31998   Document 52   Filed in TXSB on 07/22/18   Page 8 of 17

8

1  today is a Motion for Relief from Stay filed by your office.
2              MR. BURKS:  Yes, Your Honor.
3              THE COURT:  All right.  So, I have a 9:00 o'clock
4  Docket, which we're on, 10:00, 10:30 and 11:00.  Where would
5  you like to have this matter placed?
6              MR. BURKS:  Well, if we need 45 to 60 minutes,
7  Your Honor, I'll be prepared whenever you tell us to go
8  forward -- or whatever time.  I don't know, obviously we'd
9  like to get done as quickly as possible.
10             THE COURT:  Why don't we pick this up at the end
11 of my 9:00 o'clock Docket?  We just have a couple more
12 matters to go.
13             MR. BURKS:  Thank you, Judge.
14             THE COURT:  All right.
15             MR. LUCAS:  Thank you, Your Honor.
16             THE COURT:  Thank you.
17        (Recess taken from 9:32 a.m. to 10:05 a.m.)
18             THE COURT:  All right.  Returning now to
19 18-31998, Dexter William.
20             MR. LUCAS:  Is there a possibility, Your Honor, I
21 can sit?  I have a back problem.
22             THE COURT:  Yes, you may.  Just sit over here at
23 one of the counsel tables and have a microphone right in
24 front of you, please.
25             MR. LUCAS:  Thank you, sir.

1         (Pause in proceedings.)
2             MR. BURKS:  Your Honor, may I approach?
3             THE COURT:  You may.
4             MR. BURKS:  For the Record, my name is Gray
5    Burks, B-U-R-K-S, representing Carrington Mortgage Services,
6    LLC.
7             I've just handed the Court an Exhibit Notebook
8    and a CD.  However, before we commence, Your Honor, I've had
9    an opportunity for speaking with Mr. Lucas -- and I
10   appreciate very much your recalling this case today.
11            We may not have a dispute, I'm not sure.  Now, I
12   know Mr. Lucas is listening sitting right behind me, over my
13   right shoulder, listening very carefully.
14            I think what we've agreed to do is to terminate
15   the stay to allow Mr. Lucas and Carrington Mortgage Services
16   or anyone else that he is suing to proceed in State Court --
17   the County Court at Law No. 1, Case No. 18-CCV-061950.  That
18   is all that we're seeking here today.
19            We're not seeking an order saying lift the stay
20   and allow us to immediately foreclose.  We're seeking an
21   order to lift the stay to proceed in State Court in that
22   case number.  And before I move to the next matter I think
23   it's appropriate to ask Mr. Lucas if he agrees with what I
24   just stated.
25            MR. LUCAS:  For the Record, my name is William

1   Dexter Lucas.  I had a chance to talk to Mr. Burks during
2   the last 30 minutes concerning the matters he brought up,
3   and I'm in 100 percent agreement with withdrawing the
4   complaint against Mr. Mario Cortez -- I believe his last
5   name is -- concerning what I perceived as his attempt to act
6   as a third party debt collector in violation of the
7   automatic stay.
8            However, I've given a lot of thought to this
9   matter of the automatic stay and withdrawing my objection to
10  it.  My main issue is I'm not satisfied that they even have
11  the right to bring the motion.
12           There's a lot of layers to this.  I'd have to
13  object to the introduction of this evidence because this is
14  the first I've seen of it or even heard of it.
15           I've looked over the Rules, I've done a lot of
16  research on Federal Rules of Evidence, Civil Procedure,
17  Bankruptcy Rules, and the Local Rules in this Honorable
18  Court, and I really I have to admit that I'm not 100 percent
19  familiar with how evidence can be introduced in a hearing of
20  this.
21           I'll just tell you, Your Honor, I have not had
22  enough time to look at -- I have no idea why they're
23  introducing this evidence.  I have no idea why they're
24  calling me as a witness.  They said they emailed it to me, I
25  don't know when, but I never got it.

1          THE COURT:  Mr. Burks.

2          MR. BURKS:  Your Honor, on June 8th, 2018, at

3 11:55 a.m. my office, at my direction, sent three emails:

4 Parts one of two -- one of one, one of two, and one of three

5 that went through from 11:55 to 11:56 a.m.  And then a final

6 fourth email sending updated Witness and Exhibit List which

7 amended the Certificate of Service.

8          What's the Docket number of that?

9          The email address was, W-L-U-C-A-S-@-L-U-C-A-S-M-

10 A-I-L-dot-U-S.  And I believe we took that off of either

11 pleadings or the actual petition.  So I disagree.  Now,

12 whether or not the gentleman opened them or received them or

13 has reviewed the exhibits is a different question.

14          But I will tell you that pursuant the Certificate

15 of Service that we filed attached to the Witness and Exhibit

16 List, the Certificate of Service certifies that these

17 exhibits were sent to wlucas@lucasmail.us.

18          So with respect to the first issue as to whether

19 or not we can proceed because we -- he did not -- has not

20 reviewed the exhibits.  I can only tell you, Judge, that we

21 did comply with the local procedures and Local Rules as set

22 forth in the Certificate of Service.

23          THE COURT:  Did you not receive those emails,

24 Mr. Lucas?

25          MR. LUCAS:  No, sir, Your Honor.  And from my

1 understanding of those same Rules, Your Honor, I have to be
2 given -- I have to give written permission to be served that
3 way by email.  But I don't have a problem with the email
4 servings.  In fact, the original documents that I got from
5 these guys came by email.  But I just -- last night I just
6 received the first hard copy of their Supplemental Petition.
7 I didn't even know that existed until 10:30 last night.
8             THE COURT:  So are you opposing the Relief from
9 Stay today?
10             MR. LUCAS:  Yes, sir.  I don't think I have any
11 other choice.
12         (Pause in proceedings.)
13             THE COURT:  Mr. Burks.
14             MR. BURKS:  Your Honor, normally the burden of
15 proof would be on me.  However, on the 362(g), this is not
16 an issue of value or equity, this is an issue of -- I don't
17 think anyone's claiming that whatever is owed on the note --
18 I don't think this isn't -- this is not a question of value,
19 it's a question of proceeding in State Court.
20             The allegations that are raised in defense of
21 terminating the stay are all the State Court litigation
22 issues that we're asking the court to terminate.
23             So it is with respect to an evidentiary issue,
24 I'm not sure what evidence this Court needs other than me
25 certifying and offering two exhibits as to the Deed of Trust

1  and assignment of Deed of Trust, and also proffering that
2  Carrington holds the original note, which I hold as their
3  bailee right now.
4          That would show standing for Motion to Relief
5  from stay.  And then when you look at the limited relief
6  being requested.  Based on the statements the gentleman has
7  made, I think relief would be appropriate.
8          At this point I'm going to offer those exhibits
9  and proceed that way.
10         (Pause in proceedings.)
11         THE COURT:  Can you establish that Mr. Lucas
12 actually received your documents via email, first?
13         MR. BURKS:  I can tell you, Judge, that -- I can
14 tell you, Judge, that I have in front of me four email
15 receipt pages all of which report to have gone through.
16         Now, if Mr. Lucas wants to come back and review
17 the documents and review the evidence, I'm not going to have
18 a man who's trying to represent himself and who fervently
19 believes in his rights, I'm not going to have him come in
20 unprepared.  It's tough enough *pro se*.
21         So I wouldn't object to continuing this hearing
22 until such time as the Court has maybe 45 minutes of time
23 the next time you're in Houston, Texas, if that's what
24 Mr. Lucas wants.  But, yes.  I have established -- I mean,
25 when you send by email to the address on the petition, it

1 did not come back, that's all I can do, Judge, is tell you
2 that what was done and the emails went through.
3             THE COURT:  All right.  I'm going to ask you to
4 raise your right hand Mr. Lucas.
5         (Debtor sworn.)
6             MR. LUCAS:  So help me, God.
7             THE COURT:  All right.  And so you're telling me
8 today that you did not receive these exhibits that Mr. Burks
9 reportedly emailed to you on the date that he just told me?
10            MR. LUCAS:  Your Honor, I was, as I stated
11 previously, as a Christian and a Jehovah's Witness, I'm
12 telling Your Honor I had no clue that these exhibits were
13 being anything other than their original petition the
14 exhibits they attached to it were being considered today or
15 were --
16            THE COURT:  Now, that's not my --
17            MR. LUCAS:  -- they were planning --
18            THE COURT:  That's not my --
19            MR. LUCAS:  -- or planning on --
20            THE COURT:  Hold on.  That's not my question.
21            MR. LUCAS:  No, sir.  I didn't receive them.
22            THE COURT:  You did not receive them?
23            MR. LUCAS:  No, sir.  If I received them, they're
24 in my junk email or bulk mail forwarded, but I did not
25 receive these emails.  I had no knowledge of them until this

```
 1  morning.
 2          (Pause in proceedings.)
 3              THE COURT:  Do you have a hard copy for
 4  Mr. Lucas?
 5              MR. BURKS:  I do, Your Honor.  And I've handed it
 6  to him.
 7              THE COURT:  Okay.  You now have a hard copy of
 8  the exhibits, Mr. Lucas.
 9          (Pause in proceedings.)
10              THE COURT:  This is a preliminary hearing, so I'm
11  inclined to continue this hearing to June 26th, 2018.
12  That's two weeks from now at 10:00 a.m.
13              Are the parties both available to attend the
14  hearing at that time?
15          (Pause in proceedings.)
16              MR. BURKS:  Yes, Your Honor.
17              THE COURT:  Mr. Lucas?
18              MR. BURKS:  Wait a minute.  What day of the week
19  is that?
20              THE COURT:  That is a Tuesday.
21              I also have the 25th, which is a Monday.
22              MR. BURKS:  May we have June 25th, if it suits
23  Mr. Lucas and the Court?
24              THE COURT:  Mr. Lucas, June 25th in the
25  afternoon?
```

1          MR. LUCAS:  One moment, Your Honor.

2          THE COURT:  Sure, take your time.

3     (Pause in proceedings.)

4          MR. LUCAS:  The 25th will be fine, sir.

5          THE COURT:  All right.  I'm going to reset this
6 preliminary hearing, June 25th, 2018, at 3:30 in the
7 afternoon.

8          MR. BURKS:  Additionally, Your Honor --

9          THE COURT:  The Stay will remain in effect
10 pending a final ruling by this Court on the 25th of June.

11         Go ahead.

12         MR. BURKS:  Additionally, Your Honor, the
13 gentleman has just stated that he would be withdrawing his
14 Motion and Notification of creditor's violations for my
15 associates calling him for a conference, that's Docket
16 No. 28.  We filed a response at Docket 31.

17         It has not been withdrawn at this point.  If the
18 Court cannot enter an order today on that, may we also set
19 that and carry it to the same date and time?

20         THE COURT:  Mr. Lucas, let me just confirm that
21 you are withdrawing that Document No. 28?

22         MR. LUCAS:  With my sincere apologizes to
23 Mr. Burks and his associate and this Court, Your Honor, I
24 completely misunderstood what they were doing.

25         THE COURT:  So your answer is?

1               MR. LUCAS:  Yes, sir.
2               THE COURT:  Thank you.
3               All right.  ECF No. 28 has been withdrawn.  That
4    is now terminated.
5               MR. BURKS:  Thank you for your consideration
6    this --
7               THE COURT:  And let me hand back your exhibits.
8               MR. BURKS:  Yes, Judge.
9               THE COURT:  And your fancy folder for your CD
10   drive.
11              Thank you, gentlemen.  You're both excused.
12              MR. LUCAS:  May I have this?
13              THE COURT:  Ask him.
14         (These proceedings concluded at 10:19 a.m.)
15                           *  *  *  *  *
16              *I certify that the foregoing is a correct*
17   *transcript to the best of my ability produced from the*
18   *electronic sound recording of the proceedings in the above-*
19   *entitled matter.*
20   */S/ MARY D. HENRY*
21   *CERTIFIED BY THE AMERICAN ASSOCIATION OF*
22   *ELECTRONIC REPORTERS AND TRANSCRIBERS, CET**337*
23   *JUDICIAL TRANSCRIBERS OF TEXAS, LLC*
24   *JTT TRANSCRIPT #58948 AMENDED*
25   *DATE AMENDED AND REFILED:  JULY 22, 2018*